UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN R. SHARP, JR.,**

          Plaintiff,

vs.                                                     CASE NO. 8:14-cv-02911-SDM-AEP

**KINGSMAN ACQUISITION FIRM, INC.**
**(a New York Corp.), and TIMOTHY**
**ROBINSON (an Individual),**

          Defendants.
_____/

**PLAINTIFF'S RESPONSE TO ANSWER/MOTION TO DISMISS**

Plaintiff, John R. Sharp, Jr., (hereinafter, "Plaintiff") respectfully responds in opposition to the Answer/Motion to Dismiss filed by Defendants, Kingsman Acquisition Firm, Inc. (hereinafter, "Defendant Kingsman") and Timothy Robinson (hereinafter, "Defendant Robinson") [DE 4] and states as follows:

    **I.   Introduction**

1. On November 21, 2014, Plaintiff filed the instant action alleging that Defendants had violated several provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA") in their attempt to collect an alleged debt from Plaintiff.

2. On January 26, 2015, in response to the Complaint, Defendants filed an Answer to the Complaint. [DE 4] In addition to admitting and denying the allegations of the Complaint, the Answer asserts a statute of limitations defense and includes a wherefore clause requesting "that the complaint be dismissed in its entirety."

3. The Answer is signed by "Timothy Robinson & KAF Respondent(s)." Thus, it appears that Defendants intend to defend themselves pro se in this matter.

**II. Corporations cannot appear pro se.**

4. "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." Palazzo v. Gulf Oil Corporation, 764 F.2d 1381, 1385 (11th Cir. 1985); M.D. Fla. R. 2.03(e) ("a corporation may appear and be heard only through counsel admitted to practice in the Court ….."). "Corporations and partnerships, by their very nature, are unable to represent themselves and the consistent interpretation of § 1654 is that the only proper representative of a corporation or a partnership is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation." Id.

5. Defendant Kingsman is a corporation and, therefore, cannot appear pro se. Defendant Robinson is not an attorney licensed by the Florida Bar or elsewhere to practice law. As a result, Mr. Robinson cannot represent a business organization, "either personally or derivatively, without counsel," and thus the Answer must be stricken with respect to corporate Defendant Kingsman. Padron Warehouse Corp. v. Realty Assocs. Fund III, L.P., 2005 U.S. Dist. LEXIS 18417, *2 (S.D. Fla. July 28, 2005).

6. Plaintiff requests that the Court strike the Answer [DE 5] with respect to Defendant Kingsman and order Defendant Kingsman to secure counsel and file an answer to the Complaint within 30 days or be in default.

**III. Defendants' Motion to Dismiss should be denied.**

7. The last two paragraphs of Defendants' Answer states as follows:

> The FDCPA requires a consumer to file a complaint within 365 days (1 year) from the date of complaint. This complaint was filed November 21, 2014, more than one year after initial corresponence 10/15/13

...

> Wherefore the Respondent(s) request that the complaint be dismissed in its entirety.

8. In the event this Court treats Defendants' Answer as a Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state claim upon which relief can be granted, Plaintiff respectfully submits that such a motion must be denied for the reasons set forth below.

9. When a motion to dismiss is based on the running of statute of limitations, which is designated by Federal Rule 8(c) as an affirmative defense, the motion can only be granted if it clearly appears on the face of complaint that the action was not brought within the statute of limitations. White v. Padgett, 475 F.2d 79, 82 (5th Cir. 1975) (binding on 11th Circuit per Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)).

10. An action brought pursuant to the FDCPA must be brought "within one year from the date on which the violation occurs." See 15 U.S.C. § 1692k(d) (emphasis added); Wright v. Select Portfolio Servicing, Inc., 2015 U.S. Dist. LEXIS 11844 (M.D. Fla. Feb. 2, 2015). Likewise, an action brought pursuant to the FCCPA must be brought within "two years after the date the alleged violation occurred." Fla. Stat. § 559.77(4)

11. The Complaint asserts that violations of the FDCPA and FCCPA occurred on November 26, 2013 [DE 1 at ¶ 18] and December 4, 2013 [DE 1 at ¶ 40]. The Complaint was filed on November 21, 2014, within one year of the first violation alleged in the Complaint. Accordingly, it does not appear on the face of the Complaint that the action is barred by the statute of limitations.

12. Rather, Defendants base their statute of limitations defense on a letter attached to the Answer, and not included in the Complaint. Defendants contend that this letter, dated October 15, 2013, was the initial correspondence with Plaintiff and began the statute of limitations period.

13. "When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, and 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" U.S. Bank National Assc. v. Capparelli, 2015 U.S. Dist. LEXIS 12566 (S.D. Fla. Feb. 3, 2015). The only exception to this rule is that a "district court may consider an extrinsic document if it is: (1) central to the plaintiff's claim; and (2) its authenticity is not challenged." Speaker v. United States HHS CDC & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).

14. In this case, Plaintiff disputes the authenticity of the October 15, 2013 letter as it was never received by Plaintiff and Plaintiff believes it may have been fabricated for purposes of this litigation. Accordingly, the Court may not consider the October 15, 2013 letter in ruling on Defendants' Motion to Dismiss.

15. Even if the Court were to consider the October 15, 2013 letter, it is only relevant to Count IX of the Complaint. In this respect, the statute of limitations under both the FDCPA and FCCPA begins to run on the date of the violation, not the date of the initial correspondence. See 15 U.S.C. § 1692k(d) ("An action to enforce liability created by this title may brought . . . within one year *from the date on which the violation occurs*.") (emphasis added); Fla. Stat. § 559.77(4) ("An action brought under this section must be commenced within 2 years *after the date the alleged violation occurred*.") (emphasis added); Kaplan v. Assetcare, Inc, 88 F. Supp. 2d 1355, 1360 (S.D. Fla. Mar. 14, 2000) (asserting jurisdiction over communications which occurred during the statute of limitations period even though initial communication occurred more than one year before the filing of the complaint) .

16. Count IX is the only count in the Complaint that is based on the initial communication. Defendants purport that this initial communication took place on October 15, 2013 – more than one year prior to the filing of the Complaint.

17. Plaintiff concedes that if Defendant establishes that if the date of the initial communication was indeed October 15, 2013, Plaintiff cannot maintain Count IX of the Complaint. Plaintiff will withdraw Count IX when and if the Defendant authenticates the October 15, 2013 letter.

18. The remaining Counts of the Complaint are all based on violations that occurred in either the November 26, 2013 letter or the December 4, 2013 voicemail and, thus, are within the relevant statutes of limitations.

## IV. Conclusion

21. In conclusion, Plaintiff requests that this Court strike the Answer as it pertains to corporate Defendant Kingsman, and deny Defendants' Motion to Dismiss in its entirety or, in the alternative, only grant Defendants' Motion to Dismiss with respect to Count IX of the Complaint.

> */s/ Kimberly H. Wochholz*
> [   ] James S. Giardina
> Fla. Bar No. 0942421
> [ X] Kimberly H. Wochholz
> Fla. Bar No. 0092159
> **The Consumer Rights Law Group, PLLC**
> 3104 W. Waters Avenue, Suite 200
> Tampa, Florida 33614-2877
> Tel: (813) 435-5055 ext 101
> Fax: (866) 535-7199
> James@ConsumerRightsLawGroup.com
> Kim@ConsumerRightsLawGroup.com
> *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 9, 2015, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

**Kingsman Acquisition Firm, Inc.**
3290 Genessee St. Suite 202
Cheektowaga, NY 14225

**Timothy Robinson**
127 Westland Parkway
Cheektowaga, NY 14225

*/s/ Kimberly H. Wochholz*
Kimberly H. Wochholz
Fla. Bar No. 0092159